**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Michael Martinez,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-25-02668-PHX-SHD<br><br>**ORDER** |

    Pending before the Court are Plaintiff Anthony Martinez's Motion to Reconsider, (Doc. 11), and Motion to Stay, (Doc. 13). Both motions will be **denied.**

    "The Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Manifest error means the "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *See De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (quotation marks omitted). Further, a motion for reconsideration must "point out with specificity" (1) "the matters that the movant believes were overlooked or misapprehended by the Court," (2) "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier," and (3) "any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1). Such motions may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.*; *see also Bullock v. Ariz. Bd. of Regents*, 2025

WL 1115462, at *1 (D. Ariz. 2025) ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)). If the movant does not comply with these requirements, this alone "may be grounds for denial of the motion." LRCiv 7.2(g)(1).

Martinez requests reconsideration of the order dismissing this case with prejudice. (*See* Doc. 11.) However, Martinez fails to identify any "manifest error" in the Court's decision or present "new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Instead, he argues that the complaint form he used he did not have enough space to present his case. (Doc. 11.) That Martinez felt constrained by the complaint form does not warrant reconsideration of the order dismissing this case, particularly when, as here, the form did not constrain Martinez in the manner he alleges. Although Martinez argues he was allowed only "3 finger width or at most 4" of blank space in which to provide the details of his claim, (Doc. 11), the complaint form he used repeatedly reminds litigants that they may "attach additional pages if needed," (Doc. 1 at 1–4). The Motion to Reconsider, (Doc. 11), will therefore be denied.

Because the Court will deny the Motion to Reconsider, the Motion to Stay, (Doc. 13), is moot. Accordingly,

**IT IS ORDERED** denying the Motion for Reconsideration, (Doc. 11).

**IT IS FURTHER ORDERED** denying the Motion to Stay, (Doc. 13) as moot.

Dated this 24th day of November.

_____
Honorable Sharad H. Desai
United States District Judge